1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY McCLOUD, JR.,

Plaintiff,

v.

SOLANO COUNTY SHERIFF
DEPARTMENT, et al.,

Defendants.

No. 2:24-cv-00406-EFB (PC)

ORDER

Plaintiff is a county jail inmate proceeding without counsel in an action brought under 42
U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in
forma pauperis pursuant to 28 U.S.C. § 1915.  ECF No. 2.

Leave to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).
Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect
and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. §
1915(b)(1) and (2).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek
redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

1   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

2   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

3   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

4   relief."  *Id.* § 1915A(b).

5        A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

6   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

7   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

8   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

9   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

10  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

11  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

12  U.S. 662, 679 (2009).

13       To avoid dismissal for failure to state a claim a complaint must contain more than "naked

14  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

15  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

16  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

17  678.

18       Furthermore, a claim upon which the court can grant relief must have facial plausibility.

19  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

20  content that allows the court to draw the reasonable inference that the defendant is liable for the

21  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

22  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

23  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

24  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

25                                    Screening Order

26       Plaintiff alleges that, at some point between June 16, 2023 and June 21, 2023, he

27  contracted salmonella from contaminated food served to him at the Stanton Correctional Facility,

28  a jail operated by the Solano County Sheriff's Department.  ECF No. 1.  He suffered from

2

stomach pain, vomiting, diarrhea, and cold sweats for 14 days.  *Id.*  On June 26 or 27, 2023, the Department's spokesperson released a statement that the jail had received contaminated food from a kitchen operated by defendant Trinity Food Services Group.  *Id.*  Plaintiff alleges that the Sheriff's Department and Trinity violated his Eighth Amendment rights.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions-of-confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety."  *Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000) (quotations and citations omitted).

Courts have generally held that a single incident of food poisoning does not rise to the level of a violation of the Eighth Amendment.  *E.g., Green v. Atkinson*, 623 F.3d 278, 280-81 (5th Cir. 2010).  However, "evidence of regular injurious incidents" related to prison food "raises what otherwise might be merely isolated negligent behavior to the level of a constitutional violation." *Id.* at 281.  *See also George v. King*. 837 F.2d 705, 707 (5th Cir. 1988) ("If prisoners regularly and frequently suffer from food poisoning with truly serious medical complications as a result of particular, known unsanitary practices which are customarily followed by the prison food service organization, and authorities without arguable justification refuse to attempt remedial measures, the requisite deliberate indifference might well be manifested or inferred.").

The facts presented by the complaint in this action present what appears to be a single incident of food poisoning rather than regular incidents or a custom of unsanitary practices that officials refuse to remediate.  Such facts do not arise to a violation of the Constitution. Accordingly, the complaint must be dismissed for failure to state a cognizable claim.

<u>Leave to Amend</u>

Plaintiff's complaint is dismissed with leave to amend.  If plaintiff chooses to file an amended complaint it should observe the following:

3

1   Any amended complaint must identify as a defendant only persons who personally

2 participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*

3 *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

4 constitutional right if he does an act, participates in another's act or omits to perform an act he is

5 legally required to do that causes the alleged deprivation).   The complaint should also describe,

6 in sufficient detail, how each defendant personally violated or participated in the violation of his

7 rights.  The court will not infer the existence of allegations that have not been explicitly set forth

8 in the amended complaint.

9   The amended complaint must contain a caption including the names of all defendants.

10 Fed. R. Civ. P. 10(a).

11   Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See

12 *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

13   Any amended complaint must be written or typed so that it so that it is complete in itself

14 without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

15 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

16 earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

17 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

18 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

19 1967)).

20   Finally, the court notes that any amended complaint should be as concise as possible in

21 fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of

22 procedural or factual background which has no bearing on his legal claims.

23            Conclusion

24  Accordingly, IT IS ORDERED that:

25  1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

26  2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

27    accordance with the notice to the Solano County Sheriff's Department filed

28    concurrently herewith;

3.   Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and

4.   Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: November 13, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE